698 S.E.2d 633

**The STATE, Respondent,**

v.

**Harold ORR, III, Appellant.**

**No. 4724.**

Court of Appeals of South Carolina.

Heard May 19, 2010.
Decided Aug. 11, 2010.
Rehearing Denied Sept. 23, 2010.

Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

LOCKEMY, J.

Harold Orr, III appeals his convictions for first-degree criminal sexual conduct with a minor and committing a lewd act upon a minor, arguing the trial court erred in (1) denying his motion for a mistrial, (2) limiting his cross-examination of

Sheila Sheppard, and (3) failing to require Officer Paulson to testify at trial pursuant to Rule 6, SCRCrimP. We affirm.

## FACTS

Orr was indicted for first-degree criminal sexual conduct with a minor and committing a lewd act upon a minor in Charleston County. The State alleged Orr sexually assaulted his wife's nine-year-old granddaughter (the victim) on November 25, 2003.[1] At trial, the victim testified Orr sexually assaulted her while she was sleeping on the couch in the home Orr shared with her grandmother. According to the victim, Orr removed her shorts, pushed her underwear to the side, and began "licking" her "private part." Sheila Sheppard, Orr's wife and the victim's grandmother, testified she walked into the living room and saw Orr "having oral sex" with the victim. Sheppard stated she then hit Orr on the head with a cordless telephone and he ran out of the house.

While police officers were on the scene, Orr returned to the house. When he entered, the victim and Sheppard both identified him as the person who assaulted the victim, and he was taken into custody. The victim was transported to the hospital for a sexual assault examination. Other than a small abrasion near the hymen, the victim's examination was normal. The victim's clothes were taken into evidence and later testing by the South Carolina Law Enforcement Division (SLED) indicated the presence of saliva and male DNA in the victim's underwear. Further testing revealed Orr's DNA matched the DNA found in the victim's underwear. The jury found Orr guilty of first-degree criminal sexual conduct with a minor and committing a lewd act upon a minor. Orr was given concurrent sentences of twenty-five years' imprisonment for the criminal sexual conduct charge and fifteen years' imprisonment for the lewd act charge. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625

---

1. Orr's first trial ended in a mistrial after the jury was unable to reach a verdict.

S.E.2d 216, 220 (2006). Thus, this court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.* "On review, this [c]ourt is limited to determining whether the circuit court abused its discretion." *State v. Simmons,* 384 S.C. 145, 158, 682 S.E.2d 19, 26 (Ct.App.2009). "This [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the circuit court's ruling is supported by any evidence." *Id.*

## LAW/ANALYSIS

### I. Motion for Mistrial

■ Orr argues the trial court erred in denying his motion for a mistrial. We find this issue is not preserved for our review.

Officer Austin Rogers of the North Charleston Police Department testified Orr returned to the house while he and another officer were still on the scene. Officer Rogers testified:

Rogers: I approached Mr. Orr, who after—I don't know if I can say what he said to me—

Solicitor: No. That's hearsay.

Officer Rogers then testified he placed Orr under investigative detention and escorted him out of the house and into his patrol car. Later, during cross-examination, Orr requested an *in camera* hearing. During the hearing, Orr read a portion of the transcript from the *Jackson v. Denno* hearing at his first trial, at which Officer Rogers testified Orr told him "he just wanted to straighten things out," and that he "didn't do anything." Orr informed the trial court he wanted to ask Officer Rogers about Orr's statement in order to elicit that specific response. The State argued Orr's statement was hearsay. Orr maintained his statement was an excited utterance, and thus, an exception to the hearsay rule. Orr argued his statement was an excited utterance because he was under stress after being accused of sexually assaulting the victim and seeing the police at his house.

The trial court sustained the State's objection to the admission of Orr's statement and ruled it was not an excited utterance. The trial court found it was not an excited utter-

ance because if it were then any self-serving statement made "at or near the time of an arrest ... would qualify for admission under the excited utterance exception." Orr then expressed concern over the jury's impression after Officer Rogers was not allowed to testify as to what Orr said upon entering the house. The trial court agreed to give the jury a curative instruction. Orr declined a curative instruction, arguing it would only draw more attention to the issue. Subsequently, Orr made a motion for a mistrial.

On appeal, Orr maintains the trial court erred in denying his motion for a mistrial. By rejecting the trial court's offer to give a curative instruction, Orr waived any challenge to Officer Rogers' testimony on appeal. *See Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.,* 321 S.C. 1, 11, 466 S.E.2d 727, 732 (1996) (finding party waived right to complain of error when trial court's offer of curative instruction refused); *see also State v. Tucker,* 324 S.C. 155, 169, 478 S.E.2d 260, 267 (1996) (finding issue unpreserved when defendant refused trial court's curative instruction); *State v. Watts,* 321 S.C. 158, 164, 467 S.E.2d 272, 276 (Ct.App.1996) ("In rejecting the trial court's offer to strike the testimony or give a curative instruction, [the defendant] waived any complaint he had to the challenged testimony."). Accordingly, we affirm the trial court's decision to deny Orr's motion for a mistrial.

## II. Cross–Examination of Sheppard

■ Orr argues the trial court erred in refusing to allow him to cross-examine Sheppard regarding allegations of infidelity in their marriage. We disagree.

During his cross-examination of Sheppard, Orr requested an *in camera* hearing to proffer testimony regarding infidelity allegations in his marriage to Sheppard. Orr argued it was his intent to show there was distrust in the marriage and that Sheppard had a bias against him. During the *in camera* hearing, Sheppard admitted she had accused Orr of cheating; however, she testified Orr had never accused her of cheating. Orr then read Sheppard's testimony from the transcript of his first trial at which Sheppard admitted Orr had accused her of cheating. When asked whether her previous testimony was accurate, Sheppard testified: "[Orr] never accused me of

cheating. I mean, he had his assumption, but he never brought it to me." The trial court excluded Sheppard's prior testimony and found that because she denied any bias, Orr would be unable to elicit any evidence of bias in front of the jury. Furthermore, the trial court ruled Orr could not introduce Sheppard's prior testimony as an inconsistent statement because the infidelity issue was not material to Orr's prosecution. The trial court also noted Orr failed to establish a timely nexus between the accusations of infidelity and the assault on the victim.

██ "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Page*, 378 S.C. 476, 481, 663 S.E.2d 357, 359 (Ct.App.2008). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.* Pursuant to Rule 608(c), SCRE: "Bias, prejudice or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced." Because Sheppard denied Orr had ever accused her of infidelity in her proffered testimony, Orr was unable to demonstrate any bias or motive existed. Orr also failed to show the allegations of infidelity occurred within a reasonable time before Orr was charged with sexually assaulting the victim. Therefore, the trial court did not abuse its discretion in excluding Sheppard's testimony regarding infidelity.

### III. Chain of Custody

Orr argues the trial court erred in failing to require Officer Brandy Paulson to testify at trial pursuant to Rule 6, SCRCrimP. We find this issue is not preserved for our review.

A blood sample was collected from Orr for comparison purposes. At trial, Robin Taylor, a forensic DNA analyst at SLED, testified as to the chain of custody regarding the suspect kit that contained Orr's blood sample. When Taylor was asked who delivered the suspect kit to SLED, Orr objected on the basis that Officer Paulson's signature on the package was hearsay. The State argued the chain of custody only had to be established as far as practical and explained that

Officer Paulson was bedridden with a broken ankle. The trial court ruled that Taylor's testimony regarding the signature was not hearsay. The trial court noted that Officer Paulson's signature was not "an out of court statement offered to prove its truth," but rather it was "an out of court act that [was] testified to and explained by several different witnesses."

Orr maintains Officer Paulson was required to appear and testify pursuant to Rule 6, SCRCrimP, after Orr objected to Taylor's testimony. At trial, Orr did not object to Taylor's testimony regarding Officer Paulson's signature based on an insufficient chain of custody. Instead, Orr's objection was based on hearsay. At no time did Orr raise Rule 6, SCRCrimP, or assert that Officer Paulson was required to testify. Thus, this issue is not preserved for our review. *See State v. Moore*, 357 S.C. 458, 464, 593 S.E.2d 608, 612 (2004) (holding an issue must be raised to and ruled upon by the trial court to be preserved for review); *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (holding a defendant may not argue one ground at trial and another on appeal).

## CONCLUSION

Accordingly, the decision of the trial court is

**AFFIRMED.**

KONDUROS and GEATHERS, JJ., concur.